**Vacated and Dismissed and Memorandum Opinion filed May 4, 2023.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-21-00754-CV

**JOSEPH KELSEY WAYNE MOROTT, Appellant**

**V.**

**BRIAN TERRY TINCH, Appellee**

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-76938**

## M E M O R A N D U M   O P I N I O N

Joseph Kelsey Wayne Morott appeals the trial court's final protective order favoring appellee Brian Terry Tinch. Among several arguments, Morott contends the trial court erred in granting a protective order pursuant to Texas Code of Criminal Procedure Chapter 7B for a reason other than the ones enumerated in the statute and in awarding attorney's fees to Tinch. We agree, vacate the protective order, and dismiss the case.

## *Background*

Morott and Tinch were in a long-term dating relationship that ended in 2020 when the two signed a partition agreement. Tinch is a physician and Morott is a nurse. In 2021, Morott contacted Tinch's employer and certain of Tinch's friends and family, allegedly regarding concerns that Tinch was involved with the illegal distribution of controlled substances.

On November 23, 2021, Tinch filed an application for a protective order in district court. In the application, Tinch alleged that he and Morott had been in a dating relationship and Morott committed family violence along with conduct that "was reasonably likely to harass, annoy, alarm, abuse or embarass [sic]" Tinch. Tinch asserted the trial court had jurisdiction under Texas Family Code section 71.002 and requested the court issue a protective order pursuant to code sections 71.004 and 85.022. Tex. Fam. Code §§ 71.002, 71.004, 85.022.

The trial court held a hearing on the application on December 13, 2021, with both Morott and Tinch and their respective counsel in attendance. At the conclusion of the hearing, the trial judge observed that there were no allegations made of family violence but that the judge had reason to believe Tinch was the victim of harassment pursuant to Texas Penal Code section 42.07 and Chapter 7B of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. art. 7B.001–7B.104; Tex. Penal Code § 42.07. The judge further stated that issuance of a protective order was necessary for Tinch's safety and welfare and "for the prevention of further conduct by" Morott.

Similarly, in the final protective order itself, the trial court stated that Morott and Tinch were in a dating relationship and Tinch was "a victim of harassment pursuant to Texas Penal Code 42.07 and Chapter 7(B) of the Texas Code of Criminal Procedure." The court again stated that the order was necessary for

2

Tinch's safety and welfare and to prevent future harassment. Among other things, the order prohibits Morott for a period of ten years from communicating with Tinch in a threatening or harassing manner; going within 500 feet of Tinch, his residence, or place employment; or possessing a firearm. The court also ordered Morott to pay Tinch's attorney's fees of $2500.

## *Discussion*

In four issues, Morott contends the trial court erred in (1) granting a protective order under Chapter 7B for a reason other than the ones enumerated in the statute, (2) finding Tinch was a victim of harassment even though he is not a recipient of any of Morott's allegedly harassing communications and lacks standing to prosecute under Penal Code section 42.07(a), (3) finding Morott's conduct constituted harassment in the absence of sufficient evidence to support such finding, and (4) ordering Morott to pay Tinch's attorney's fees. We will begin by addressing the first issue regarding whether the trial court's protective order was appropriate.

As indicated above, protective orders in Texas are governed by provisions in the Family Code and the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 7B.003; Tex. Fam. Code § 85.001; *see also Straughan v. Girsch*, No. 14-20-00763-CV, 2022 WL 2977049, at *3 (Tex. App.—Houston [14th Dist.] July 28, 2022, no pet.) (mem. op.). Although Tinch applied for a protective order pursuant to Family Code provisions relating to cases involving family violence, the trial court found at the hearing on the application that there were no allegations of family violence and instead issued a protective order based on a finding of harassment under Penal Code section 42.07 and Code of Criminal Procedure Chapter 7B. Morott did not object in the trial court and does not complain on appeal that the trial court's judgment does not comport with Tinch's pleadings. *See*

3

*In re C.Z.P.*, No. 14-17-00565-CV, 2019 WL 386048, at *7 (Tex. App.—Houston [14th Dist.] Jan. 31, 2019, no pet.) (mem. op.) (holding argument that relief granted in judgment did not conform to pleadings was not preserved because it was raised for first time on appeal).

In his first issue, Morott argues instead that the trial court's order was improper because the trial court expressly based it on a finding that Tinch had been a victim of harassment under Penal Code section 42.07, which is not a proper ground for issuance of a protective order under the Code of Criminal Procedure. We agree.

Code of Criminal Procedure 7B.003 requires a trial court to issue a protective order upon finding "that there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, stalking, or trafficking." Tex. Code Crim. Proc. art. 7B.003. The provision also requires that the trial court's order "include[] a statement of the required findings." *Id*. Neither harassment nor Penal Code section 42.07 criminalizing harassment is listed among the types of conduct that support issuance of a protective order under Chapter 7B or any other statute. Although the offense of stalking, which is included among the listed conduct in Chapter 7B, is defined under the Penal Code as possibly including harassment as one element of the offense, the two offenses are certainly not synonymous. Even when stalking is alleged to include harassment as an element, it additionally requires that the conduct have occurred "on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person." Tex. Penal Code § 42.072(a). Here, as indicated above, the trial court found and expressly stated in the protective order that Morott committed harassment under Penal Code section 42.07 but did not find or state in the order that Morott committed stalking under section 42.072.

4

In a remarkably similar appeal from the same trial court, our sister court held that the trial court erred in issuing a protective order under the Code of Criminal Procedure without making a required finding that the respondent had engaged in conduct listed in the statute. *Sharp v. Jimmerson*, No. 01-20-00360-CV, 2021 WL 3624712, at \*5 (Tex. App.—Houston [1st Dist.] Aug. 17, 2021, no pet.) (mem. op.).[1] As in the present case, the trial court in *Sharp* found, and stated in the order, that the respondent had engaged in harassment but made no finding regarding stalking. *Id.* at \*2; *see also Mu v. Tran*, No. 05-21-00288-CV, 2022 WL 1314949, at \*3 (Tex. App.—Dallas May 3, 2022, no pet.) (mem. op.) (distinguishing *Sharp* because the trial court expressly found the respondent engaged in stalking).

Although we have not addressed this specific issue under the Code of Criminal Procedure, we have come to a similar conclusion in regards to a similar provision in the Family Code. In *Jovel v. Blanco*, we held that a trial court's protective order violated Family Code section 85.001(d) because it did not expressly state a finding required for a protective order for a period of over two years. No. 14-20-00638-CV, 2022 WL 220251, at \*4 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, no pet.) (mem. op.); *accord In re I.E.W.*, No. 13-09-00216-CV, 2010 WL 3418276, at \*9 (Tex. App.—Corpus Christi Aug. 27, 2010, no pet.) (mem. op.).[2]

---

[1] At the time the trial court issued its order in *Sharp*, the Code of Criminal Procedure protective order provisions were contained in Chapter 7A; the provisions were subsequently recodified without substantive amendment in Chapter 7B. 2021 WL 3624712, at \*1 n.1.

[2] The statute at issue in *Jovel* required that "[i]f the court renders a protective order for a period of more than two years, *the court must include in the order* a finding described by Section 85.025(a-1)." Tex. Fam. Code § 85.001(d) (emphasis added). The statute at issue here requires that "[i]f the court finds that there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, stalking, or trafficking, *the court shall issue a protective order that includes* a statement of the required findings." Tex. Code Crim. Proc. art. 7B.003(b) (emphasis added). Also of note, several courts have distinguished subsections (a) and (b) from subsections (c) and (d) of Family Code section 85.001 because the latter subsections require

5

The trial court did not make the findings required for the issuance of a protective order pursuant to Code of Criminal Procedure 7B.003 and did not include those findings in the order as also required. Moreover, the findings documented in the order do not support a protective order under article 7B.003. Accordingly, we sustain Morott's first issue. Because we vacate the protective order, we need not address his remaining issues.

We vacate the trial court's protective order in its entirety and dismiss the case.

/s/    Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

---

express findings (as does Code of Criminal Procedure article 7B.003(b)), whereas the former subsections do not. *See Pleasant v. Black*, No. 05-20-01040-CV, 2022 WL 807190, at *5 (Tex. App.—Dallas Mar. 17, 2022, no pet.) (mem. op.); *Cox v. Walden*, No. 13-20-00283-CV, 2022 WL 120014, at *2 n.3 (Tex. App.—Corpus Christi Jan. 13, 2022, no pet.) (mem. op.); *In re M.I.W.*, No. 04-17-00207-CV, 2018 WL 1831678, at *2 (Tex. App.—San Antonio Apr. 18, 2018, no pet.) (mem. op.).